UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY L. COOK,

        Plaintiff,

v.

DETROIT RECIEIVING HOSPITAL,

        Defendant.
_____/

CASE NO. 2:14-cv-12515

HON. MARIANNE O. BATTANI

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING PLAINTIFF'S COMPLAINT *SUA SPONTE***

This matter is before the Court on Plaintiff Mary Cook's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915. In addition, Plaintiff asks for service by the U.S. Marshal. The Court has reviewed Plaintiff's application and Complaint. For the reasons that follow, Plaintiff's application is **GRANTED**.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who makes an affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. Prows v. Kastner, 842 F.2d 138, 140 (5th Cir. 1988).

Plaintiff's claim of indigence is supported by her application.  See Phipps v. King, 866 F.2d 824, 825 (6th Cir. 1988); Foster v. United States, 344 F.2d 698, 699-700) (6th Cir. 1965) (per curiam).  Based on her affidavit, the Court concludes that paying the filing fee is beyond Plaintiff's means.  Consequently, the Court grants Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

Although Plaintiff has established grounds for indigence, there is doubt as to whether the Court possesses subject matter jurisdiction over her complaint.  Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to exercise jurisdiction over civil actions arising under federal law.  The Complaint advances a tort law claim for personal injury.  Federal courts do not have subject matter jurisdiction over such state law tort claims.  See Valinski v. Detroit Edison, 197 Fed. App'x 403, 412 (6th Cir. 2006).  Moreover, subject matter jurisdiction based on diversity of citizenship  pursuant to 28 U.S.C. § 1332 does not exist in this case, as both Plaintiff and Defendant are alleged to be Michigan citizens.  Therefore, the face of the complaint fails to invoke a jurisdictional basis for the Court to adjudicate Plaintiff's dispute.

Accordingly, Plaintiff's Complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction.  Furthermore, her request for service is **DENIED** as moot.

**IT IS SO ORDERED.**


Date:   July 3, 2014                                              s/Marianne O. Battani
                                                                  MARIANNE O. BATTANI
                                                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 3, 2014.

                                                                                    s/ Kay Doaks
                                                                                    Case Manager